UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DYLON DYKSTRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SHIELD CO. MANAGEMENT, LLC dba ECOSHIELD MANAGEMENT CO., LLC, an Arizona limited liability company; and DOES 1-20,<br><br>Defendants. | No. 2:23-cv-01908-MJP<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Dylon Dykstra ("Plaintiff"), individually and on behalf all others similarly situated (the "Class" as defined at 5.1 of this Complaint), by and through his attorneys, complains and alleges against Defendant The Shield Co. Management, LLC ("Defendant") as follows:

## I. NATURE OF THE CASE

1.1   Plaintiff brings this class action for damages, injunctive relief, and declaratory relief on behalf of current and former employees of Defendant for violations of the Washington Minimum Wage Act, RCW 49.46 ("MWA"); Industrial Welfare Act, RCW 49.12 ("IWA"); Wage Payment Act, RCW 49.48 ("WPA"); and Wage Rebate Act, RCW 49.52 ("WRA").

1.2   Defendant maintains the illegal pay practices of requiring employees to perform unpaid off-the-clock work and preventing employees from taking compliant meal and rest periods.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 1

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

## II. PARTIES

2.1 Plaintiff Dylon Dykstra is a resident of Pierce County, Washington, and worked for Defendant in King County, Washington. At all times relevant to this Complaint, Plaintiff was an employee as defined in the statutes listed herein.

2.2 Defendant The Shield Co. Management, LLC, is an Arizona limited liability company registered to conduct business in Washington with a primary office for the transaction of business in King County, Washington. At all times relevant to this Complaint, Defendant is an employer as defined in the statutes listed herein.

2.3 Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

## III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over this cause of action under RCW 2.08.010.

3.2 Venue is proper in this Court pursuant to RCW 4.12.020 and RCW 4.12.025 because the acts alleged herein took place, in whole or in part, in King County, Washington and Defendant transacts business, and therefore resides, in King County, Washington.

3.3 The claims asserted on behalf of Plaintiff and the Class in this Complaint are brought under state law causes of action and are governed by Washington law.

3.4 Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) greater than two-thirds of the putative Class members are residents of Washington, or were residents of Washington, during their employment with

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 2

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

Defendant; (b) Defendant is registered to conduct business, and regularly transact business, within Washington; (c) the alleged conduct of the Defendant occurred within Washington; (d) the injuries to Plaintiff and the Class occurred within Washington; and (e) during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against the Defendant on behalf of the same persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332 (d)(4)(B), more than two-thirds of the Class resides in Washington; and (b) pursuant to 28 U.S.C. § 1332(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

## IV. STATEMENT OF FACTS

4.1     Defendant is a management company which provides support for its associated pest control businesses providing pest control and extermination services throughout Washington, with several locations in King County, Washington.

4.2     Defendant employed Plaintiff and Class members as Pest Control Technicians and similar job titles.

4.3     Defendant's pest control businesses maintain a primary office for the transaction of business in Tukwila, King County, Washington. Defendant's website states that it "proudly" provides pest-control services to King County, Kitsap County, Pierce County, Thurston County, and Snohomish County.

4.4     From November 6, 2020 to present, Defendant has employed 40 or more individuals as Pest Control Technicians and similar job titles in Washington.

4.5     Plaintiff and Class members are current and former non-exempt employees paid on an hourly basis.

4.6     Plaintiff and Class members are responsible for providing a variety of pest control services including, but not limited to, spraying, baiting, and trapping pests, as well as web and nest removal throughout Washington.

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES - 3

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

4.7 Defendant requires Plaintiff and Class members to keep company vehicles at their residences. Plaintiff and Class members are restricted from operating company vehicles for personal use.

4.8 Defendant requires Plaintiff and Class members to drive company vehicles to all job sites including to the first job site of the day, job sites throughout the day, and from the last job site of the day back to their residences ("drive time").

4.9 Plaintiff and Class members regularly transport necessary nonpersonal tools and equipment in their company vehicles during their drive time.

4.10 Defendant does not permit Plaintiff and Class members to make personal stops during drive time.

4.11 Defendant does not pay Plaintiff and Class members for all hours worked, including, but not limited to, time spent mapping out their routes for the day, which often include 14 to 16 stops.

4.12 Defendant does not pay Plaintiff and Class members for time spent driving company vehicles from their residences to the first jobsite or from the last jobsite to their residence at the end of each day.

4.13 Plaintiff and the Class members often drive from their residence to the job sites, and back to their residence during rush hour traffic, resulting in unpaid drive time of up to two hours each way.

4.14 In failing to pay Plaintiff and Class members for off-the-clock work, Defendant has acted willfully and with intent to deprive Plaintiff and the Class of the wages to which they are entitled.

4.15 During the time period relevant to this Complaint, Plaintiff and Class members regularly worked shifts longer than five hours in duration where they did not receive, and did not waive, uninterrupted 30-minute meal periods free from work-related responsibilities.

4.16   Plaintiff and Class members spent scheduled meal periods driving to their next job sites due to time constraints in their schedules imposed by Defendant.

4.17   During the time period relevant to this Complaint, Plaintiff and Class members did not receive 10-minute rest periods, on Defendant's time for each four hours of working time; they regularly worked more than three hours without rest periods.

4.18   The busy nature of the work Defendant required Plaintiff and Class members to perform, the lack of adequate resources necessary to facilitate compliant meal and rest periods, and the lack of scheduling sufficient to permit compliant meal and rest periods, prevented Plaintiff and the Class from taking unpaid 30-minute meal periods or intermittent rest periods equivalent to 10 minutes for each four hours worked.

4.19   During the time period relevant to this Complaint, Defendant issued inaccurate wage statements to Plaintiff and Class members; the wage statements failed to detail wages owed for missed and noncompliant meal and rest periods as well as off-the-clock work, including uncompensated drive-time in company vehicles.

4.20   Defendant knew or should have known that it failed to provide compliant meal and rest periods to Plaintiff and Class members.

4.21   Defendant knew or should have known it failed to pay Plaintiff and Class members all wages they are entitled to.

4.22   As a result of Defendant's actions and omissions, Plaintiff and Class members have been damaged in amounts to be established at trial.

4.23   The conduct of Defendant, as described herein, violates the public policy and laws of the State of Washington. Defendant will continue to engage in these alleged violations unless or until enjoined by this Court. A remedy of damages for past violations of public policy and laws is not adequate, and Defendant should be compelled by this Court to comply with public policies, and laws, specifically, but without limitation, by paying wages, including overtime compensation, to Plaintiff and the Class for all work performed.

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
PHONE: (206) 442-9106 • FAX: (206) 441-9711

## V. CLASS ACTION ALLEGATIONS

5.1 <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendant on behalf of the Class defined as follows ("Class"):

> All persons who, between November 6, 2020, and the date of final disposition of this matter, were employed by Defendant in the State of Washington as non-exempt, hourly Pest Control Technicians or similar titles.

5.2 Excluded from the Class are the following individuals: independent contractors, Defendant's owners, partners, officers, and shareholders, as well as any judge to whom this case is assigned, his or her staff, and immediate family members.

5.3 <u>Numerosity</u>. There are potentially hundreds of individuals who were employed by Defendant within the time period relevant to this matter. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

5.4 <u>Commonality</u>. The relevant questions of law and fact are common to Plaintiff and the Class. This is a straightforward matter of determining whether Defendant provided meal and rest periods as required by Washington law, and, if not, assessing damages. This matter similarly requires determining whether Plaintiff and Class members were paid for all hours worked, and, if not, assessing damages.

5.5 <u>Typicality</u>. There are potentially hundreds of individuals who worked as Pest Control Technicians and similar job titles for Defendant in the State of Washington during the time period relevant to this Complaint. All of whom were denied compliant meal and rest periods and were not paid for all hours worked. The disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

5.6 <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex litigation and class action employment law litigation. Plaintiff and his counsel are committed to

prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the Class.

5.7     Predominance. Defendant has engaged in a common course of abuse of its employees. The common issues arising from Defendant's unlawful conduct that affects Plaintiff and Class members predominates over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

5.8     Superiority. Plaintiff and the Class have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against their potential award. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and their pay records are readily identifiable through Defendant's records, which must be maintained as a matter of law.

## VI.     CAUSES OF ACTION

6.1     Plaintiff incorporates by reference and realleges each of the foregoing factual allegations as though fully set forth herein.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**VIOLATION OF RCW 49.12.020 AND WAC 296-126-092**
*Claim of Relief for Plaintiff and the Class*

6.2     The IWA and its implementing regulation WAC 296-126-092 requires employers to provide uninterrupted 30-minute meal periods free from any work-related responsibilities for work shifts greater than five hours in length and prohibits employees from working more than five consecutive hours without a compliant meal period.

6.3 Employees have an implied cause of action for violations of the IWA to protect them from conditions of labor that have pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850 (2002).

6.4 A meal period violation is a wage violation, with employees entitled to 30 minutes of additional compensation for each instance they are required to work more than five consecutive hours without a complaint meal period. *Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018), citing *Hill v. Garda CL Nw., Inc.*, 198 Wn. App. 326, 361 (2017).

6.5 Defendant violated the IWA and its implementing regulation by failing to provide Plaintiff and Class members with compliant meal periods, and by creating work schedules, staffing levels, and conditions of labor that discouraged compliant meal periods.

6.6 Defendant likewise violated the MWA and the WPA by failing to compensate Plaintiff and the Class for 30 minutes of work for each instance a compliant meal period was not provided.

6.7 As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged, and continue to be damaged, in amounts to be established at trial.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
### VIOLATION OF RCW 49.12.010 and WAC 296-126-092
*Claim of Relief for Plaintiff and the Class*

6.8 The IWA and its implementing regulation, WAC 296-126-092, require employers to provide rest periods of not less than 10 minutes, on the employer's time, for each four hours of working time to non-exempt employees.

6.9 Employees have an implied cause of action for violations of the IWA to protect them from conditions of labor that have pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 850.

6.10 A rest period violation is a wage violation, with employees entitled to 10 minutes of additional compensation for each instance they are required to work longer than three consecutive hours without a rest period. *Id.* at 849.

6.11   Defendant violated the IWA and its implementing regulation by failing to ensure Plaintiff and the Class received 10-minute paid rest periods for every four hours worked and by creating work schedules, staffing levels and conditions of work that discouraged rest periods.

6.12   Defendant likewise violated the MWA and WPA by failing to compensate Plaintiff and the Class for each instance a compliant rest period was not provided.

6.13   As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be established at trial.

### THIRD CAUSE OF ACTION
### WAGE THEFT
### VIOLATION OF RCW 49.52
*Claim of Relief for Plaintiff and the Class*

6.14   Plaintiff incorporates by reference and realleges each of the foregoing factual allegations as though fully set forth herein.

6.15   The WRA prohibits employers from paying employees less than the wages to which they are entitled by any statute, ordinance, or contact. RCW 49.52.050(2).

6.16   Defendant failed to pay Plaintiff and the Class for all hours worked, including time spent driving company vehicles to and from the first and last job site of the day.

6.17   Employees driving company vehicles to and from the first and last job site of the day are "on duty" at a "prescribed workplace" and therefore merit compensation for hours worked under the MWA. *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 48 (2007).

6.18   Defendant failed to pay Plaintiff and the Class wages owed to them for missed and noncompliant meal and rest periods.

6.19   Defendant's failure to pay Plaintiff and the Class the wages to which they are entitled was willful.

6.20   Defendant's conduct constitutes wage theft in violation of RCW 49.52.050.

6.21   As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial and Plaintiff and the Class

are entitled to recovery of twice such damages, including interest thereon and attorney's fees and costs pursuant to RCW 49.12.150, RCW 49.48.030, and RCW 49.52.070.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY WAGES
### VIOLATION OF RCW 49.46.020
*Claim of Relief for Plaintiff and the Class*

6.22    Plaintiff incorporates by reference and realleges each of the foregoing factual allegations as though fully set forth herein.

6.23    Defendant failed to pay Plaintiff and the Class for all hours worked, including time spent driving company vehicles to and from the first and last job site of the day.

6.24    Defendant failed to pay Plaintiff and the Class for missed and noncompliant meal and rest periods.

6.25    Defendant's failure to pay Plaintiff and the Class at least minimum wage for all hours worked constitutes a violation of RCW 49.46.020.

6.26    As a direct and proximate result of Defendant's actions and omissions, Plaintiff and the Class have been damaged, and continue to be damaged, in amounts to be proven at trial and are entitled to recovery of such damages, including interest thereon, as well as attorney's fees and costs under RCW 49.12.150, RCW 49.46.090, RCW 49.89.030, and RCW 49.50.070.

### FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### VIOLATION OF WAC 296-126-040
*Claim of Relief for Plaintiff and the Class*

6.27    Plaintiff incorporates by reference and realleges each of the foregoing factual allegations as though fully set forth herein.

6.28    Employers are required to furnish to each employee at the time of payment of wages an itemized statement showing the pay basis (i.e., hours or days worked), rate or rates of pay, gross wages and all deductions for that pay period. WAC 296-126-040.

6.29    The wage statements Defendant issued Plaintiff and the Class failed to reflect total gross wages earned as they did not include all regular and overtime hours worked, including work

performed while driving company vehicles to the first job site of the day and from the last job site of the day, or wages owed for missed and noncompliant meal and rest periods. Defendant's failure to furnish accurate wage statements to Plaintiff and the Class violates WAC 296-126-040.

6.30   As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged and continue to be damaged in amounts to be proven at trial.

## SIXTH CAUSE OF ACTION
## INJUNCTIVE RELIEF
*Claim of Relief for Plaintiff and the Class*

6.31   Plaintiff incorporates by reference and realleges each of the foregoing factual allegations as though fully set forth herein.

6.32   Plaintiff and the Class are entitled to an injunction prohibiting Defendant from further violations of Washington's wage and hour laws.

6.33   Should Defendant's wage and hour violations continue, Plaintiff and the Class will be irreparably injured.

6.34   Should Defendant continue to withhold wages to which Plaintiff and the Class are entitled, they will be irreparably injured.

6.35   The balance of equities favors Plaintiff and the Class and requires that Defendant be temporarily and permanently restrained from engaging in its unfair and unlawful wage practices.

## SEVENTH CAUSE OF ACTION
## DECLARATORY RELIEF
*Claim of Relief for Plaintiff and the Class*

6.36   Plaintiff incorporates by reference all foregoing factual allegations.

6.37   As described more fully above, Plaintiff and the Class are entitled to a declaration of their right to meal and rest periods, to be paid for all hours worked, and accurate wage statements.

6.38   Plaintiff and the Class are entitled to a final judicial determination of the amounts owing to Plaintiff and the Class as a result Defendant's actions and omissions.

## VII.  DAMAGES

7.1  Plaintiff incorporates by reference all foregoing factual allegations.

7.2  Defendant's unlawful conduct with regard to its employment of Plaintiff and the Class has caused the following damages:

7.3  Lost wages and benefits in amounts to be established at trial;

7.4  Statutory and punitive damages; and

7.5  Out of pocket expenses, litigation costs, and attorney's fees in amounts to be established at trial.

## VIII.  REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendant as follows:

1. An Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

2. Damages for lost wages in an amount to be established at trial;

3. Double damages pursuant to RCW 49.52.070;

4. Declaratory relief to the effect that Defendant violated the statutory rights of Plaintiff and the Class;

5. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein;

6. Attorney's fees and costs pursuant to RCW 49.12.150, 49.46.090, RCW 49.48.030, and/or RCW 49.52.070;

7. Pre- and post-judgment interest;

8. Leave to amend the Complaint to conform to the evidence presented at or prior to trial; and

9. Any additional or further relief which the Court deems equitable, appropriate or just.

DATED this 14th day of February, 2024.

EMERY | REDDY, PLLC

By: */s/ Timothy W. Emery*
By: */s/ Patrick B. Reddy*
By: */s/ Paul Cipriani*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff Dylon Dykstra*